OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, appeals the decision of the Auglaize County Municipal Court holding that the Senate Bill No. 163 amendment to R.C. 4511.19, effective April 9, 2003, is unconstitutional. The new section, R.C.4511.19(D)(4)(b), provides that field sobriety test results conducted in "substantial," as opposed to "strict," compliance with testing standards are generally admissible as evidence. Because the disputed legislative enactment is not in conflict with any formal rule of evidence promulgated by the Ohio Supreme Court, we reverse the judgment of the trial court.
 {¶ 2} On June 21, 2003, Robert Phipps (hereinafter "Phipps") was cited for Driving Under the Influence of Alcohol in violation of R.C. 4511.19. The citation was based, in part, on Phipps's performance of field sobriety tests administered by a law enforcement officer.[1] Phipps subsequently filed a motion to suppress evidence of the field sobriety test results. He asserted the results were unreliable and inadmissible because the officer did not strictly comply with applicable testing standards in administering the tests. Phipps also argued that the Senate Bill 163 amendment to R.C. 4511.19, altering the admissibility standard for such tests, was unconstitutional.
 {¶ 3} Following a hearing on the matter, the trial court concluded that the action of the legislature in amending R.C.4511.19 violated Article 4, Section 5 of the Ohio Constitution. In arriving at this conclusion, the trial court determined that the Ohio Supreme Court had previously interpreted Evid.R. 702, in the case of State v. Homan (2000), 89 Ohio St.3d 421, to require strict compliance with field sobriety testing standards. The trial court found that the legislature's subsequent enactment of R.C. 4511.19(D)(4)(b) conflicted with this interpretation of Evid.R. 702 and, thus, impermissibly conflicted with a rule of practice and procedure prescribed by the Supreme Court under Article 4, Section 5 of the Ohio Constitution. Accordingly, the trial court granted Phipps's motion to suppress the state's use of the field sobriety tests.
 {¶ 4} It is from this decision that the state appeals, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred when it declared Ohio Revised Code4511.19(D)(4)(b) amended and enacted on April 9, 2003 to beunconstitutional as a matter of law.
 {¶ 5} On review of statutory acts, a court is bound to give a constitutional rather than an unconstitutional construction if one is reasonably available. United Air Lines v. Porterfield
(1971), 28 Ohio St.2d 97. This is due to the general presumption in favor of the validity of legislation. R.C. 1.47(A); State v.Sinito (1975), 43 Ohio St.2d 98. The burden of showing the unconstitutionality of a statute is upon the one challenging its validity and it must be proven beyond a reasonable doubt. Statev. Meyer (1983), 14 Ohio App.3d 69 (citations omitted). Before we may declare a law unconstitutional, it must appear beyond a reasonable doubt that the legislation and the constitutional provisions are clearly incompatible. Woods v. Telb (2000),89 Ohio St.3d 504, 511, 2000-Ohio-171.
 {¶ 6} In State v. Homan (2000), 89 Ohio St.3d 421, the Ohio Supreme Court held that the results of field sobriety tests are not admissible unless the tests are performed in strict compliance with the procedures promulgated by the National Highway Traffic Safety Administration (NHTSA). The Homan court found that "[w]hen field sobriety testing is conducted in a manner that departs from established methods and procedures, the results are inherently unreliable." 89 Ohio St.3d at 424. Therefore, the Homan court announced a rule that strict compliance with testing standards was necessary for the results of field sobriety tests to serve as evidence of probable cause to arrest.[2]
 {¶ 7} Prior to the Supreme Court's decision in Homan, Ohio statutory law did not contain a provision regarding the admissibility of field sobriety test results. After the Homan
decision, however, the Ohio General Assembly deliberated on the issue of field sobriety tests, and enacted Amended Substitute Senate Bill No. 163 (S.B. 163) in 2002. S.B. 163 amended R.C.4511.19 to provide, in pertinent part:
In any criminal prosecution * * * for a violation of division(A) or (B) of this section, * * * if a law enforcement officerhas administered a field sobriety test to the operator of thevehicle involved in the violation and if it is shown by clear andconvincing evidence that the officer administered the test insubstantial compliance with the testing standards for anyreliable, credible, and generally accepted field sobriety teststhat were in effect at the time the tests were administered,including, but not limited to, any testing standards then ineffect that were set by the national highway traffic safetyadministration, all of the following apply:
 (i) The officer may testify concerning the results of thefield sobriety test so administered.
 (ii) The prosecution may introduce the results of the fieldsobriety test so administered as evidence in any proceedings inthe criminal prosecution or juvenile court proceeding.
 (iii) If testimony is presented or evidence is introducedunder division (D)(4)(b)(i) or (ii) of this section and if thetestimony or evidence is admissible under the Rules of Evidence,the court shall admit the testimony or evidence and the trier offact shall give it whatever weight the trier of fact considers tobe appropriate.
The legislature, therefore, determined that testimony or other evidence of field sobriety tests done in substantial compliance with NHTSA standards should be admitted as evidence, if otherwise admissible under the Rules of Evidence, and accorded "whatever weight the trier of fact considers to be appropriate."
 {¶ 8} In the case sub judice, the trial court found that, based on the precedent of Homan, strict compliance with NHTSA standards must be demonstrated before field sobriety tests can be admissible as evidence.[3] The trial court found that the ruling in Homan was "not a new evidentiary rule, but an application of an existing rule to determine the admissibility of evidence." Based on that, the trial court found that the legislature violated Article 4, Section 5 of the Ohio Constitution when it amended R.C. 4511.19 to allow admissibility of test results when only substantial compliance, rather than strict compliance, with NHTSA standards has been demonstrated.
 {¶ 9} The state claims that the amendment of R.C. 4511.19 is not unconstitutional because it does not conflict with any existing formal rule of evidence. This is because, the state argues, the Ohio Supreme Court has not promulgated a rule pursuant to the procedures of Article 4, Section 5 of the Ohio Constitution with regard to field sobriety testing procedures or results. Consequently, the legislature's amendment to R.C.4511.19 at issue herein does not violate Article 4, Section 5 of the Ohio Constitution by usurping the judicial function of procedural rule-making for the courts.
 {¶ 10} Article 4, Section 5 of the Ohio Constitution states, "[t]he Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right." The amendment also delineates the procedure for the making of such rules. Pursuant to this procedure, the Supreme Court is required to file proposed rules by January 15 of each year and those proposed rules will take effect on the first of July unless the General Assembly adopts a concurrent resolution of disapproval. Id. Article 4, Section 5 further states, "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Therefore, pursuant to this constitutional provision, and relevant to the matter before us, only statutes that conflict with a formally proposed and adopted rule of evidence will be considered invalid.
 {¶ 11} The Rules of Evidence contain provisions regarding the admissibility of certain types of specific evidence. Evid.R. 807, for example, provides a specific procedure for child testimony in abuse cases. However, we find that no specific Rule of Evidence pertinent to the standard of admissibility required for field sobriety tests has been adopted. The Homan court cited no specific evidentiary rule in its opinion. Nevertheless, the appellee argues that the Homan decision was based on an interpretation of Evid.R. 702, regarding the admissibility of expert testimony. The Supreme Court has previously recognized, however, that the results of field sobriety tests are admissible without expert testimony. State v. Bresson (1990),51 Ohio St.3d 123, 127. The lack of any mention of Evid.R. 702 from theHoman opinion, then, appears reasoned and deliberate.
 {¶ 12} Although we are very cognizant of the judicial branch's exclusive authority under the Ohio Constitution to promulgate rules of procedure in its courts, the legislature's amendment of R.C. 4511.19 has not infringed upon that authority. As stated by the Staff Note to Evid.R.102, the Rules of Evidence "are not an exhaustive compilation of the rules governing evidence questions." When no actual conflict is created, "a specific statute can govern the admissibility of evidence rather than the Rules of Evidence." State v. Thompson (January 24, 1996), 9th Dist. No. 95CA006047. In fact, the legislature has created standards for the admissibility of evidence in many instances.[4]
 {¶ 13} We conclude that S.B. 163 simply replaced the common law standard of admissibility announced in Homan. As such, the legislative enactment did not create a constitutionally impermissible conflict with a formally prescribed rule of practice and procedure. Thus, we find that the substantial compliance standard adopted by legislative amendment to R.C.4511.19 does not contravene Article 4, Section 5 of the Ohio Constitution.
 {¶ 14} Accordingly, the state's assignment of error is sustained.
 {¶ 15} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Shaw, P.J., and Bryant, J., concur.
[1] The appellee filed a motion to strike portions of the state's brief dealing with the specifics of the traffic stop. For purposes of clarification, the present appeal has been taken from the trial court's ruling that R.C. 4511.19 is unconstitutional and our opinion will determine that sole issue. The specifics of Phipps' traffic stop are inconsequential to the determination and will not be relied on, except to provide a factual background. Therefore, the appellee's motion is granted to that extent.
[2] We note that the Homan ruling has since been extended to apply to the admissibility of the results of field sobriety tests at trial as well. See State v. Schmitt (2004),101 Ohio St.3d 79, 81.
[3] The NHTSA testing procedures have been attached to the appellee's brief and the state has moved this court to strike this attachment and any references to it. As the testing standards were not made a part of the record in the trial court, we may not consider them on appeal. App.R. 9(A). Therefore, the state's motion to strike is hereby granted.
[4] For example, R.C. 2907.02(D), provides that evidence of past sexual activity between an offender and a victim is admissible if the court finds that the evidence is material to a fact at issue in the case and its prejudicial nature does not outweigh its probative value; R.C. 4513.263 (B) requires operators and passengers of passenger cars or trucks to wear available occupant-restraining devices. Subsection (G)(1) of the same statute, however, bars evidence of the failure to comply with Subsection (B), except for the limited purpose of obtaining a conviction for a violation of Subsection (B); R.C. 2925.51(A) provides that a laboratory report from the bureau of criminal identification and investigation is prima-facie evidence of the content, identity, and weight of a controlled substance; and R.C.2317.47 and R.C. 3111.16 allows admission of blood test results into evidence only when exclusionary.