{¶ 82} I concur with the majority's analysis and disposition of appellant's first three assignments of error. However, while I concur with the majority's disposition of appellant's fourth assignment of error, I do so for a different reason.
 {¶ 83} At issue in appellant's fourth assignment of error is whether R.C. 4511.19, which provides for admission of field sobriety tests that are administered in "substantial" compliance with NHTSA testing procedures, is unconstitutional. Appellant specifically contends that such statute "violated the constitutional provision granting the Supreme Court exclusive rule making authority on procedural matters, . . . and was in conflict with the Supreme Court's Homan decision."
 {¶ 84} The Ohio Supreme Court, in State v. Homan, 89 Ohio St.3d 421,2000-Ohio-212, 732 N.E.2d 952, held that field sobriety tests had to be administered in "strict compliance" with standardized testing procedures to be admissible. After Homan, R.C. 4511.19 was amended by S.B. No. 163 in 2002 to provide that results of field sobriety tests conducted in "substantial compliance" with such standards were admissible as evidence.
 {¶ 85} While appellant argues that R.C. 4511.19 improperly infringes upon the Ohio Supreme Court's exclusive rule making authority on procedural matters, I disagree. I believe that the Ohio Rules of Evidence, which are the rules that appellant refers to, do not address whether substantial or strict compliance is required with respect to field sobriety tests. As noted by the court in State v. Phipps, Auglaize App. No. 2-03-39, 2004-Ohio-4400:
 {¶ 86} "Prior to the Supreme Court's decision in Homan, Ohio statutory law did not contain a provision regarding the admissibility of field sobriety test results. After the Homan decision, however, the Ohio General Assembly deliberated on the issue of field sobriety tests, and enacted Amended Substitute Senate Bill No. 163 (S.B.163) in 2002. S.B. 163 amended R.C. 4511.19. . . . [to provide for substantial compliance]. . . .
 {¶ 87} "The state claims that the amendment of R.C. 4511.19 is not unconstitutional because it does not conflict with any existing formal rule of evidence. This is because, the state argues, the Ohio Supreme Court has not promulgated a rule pursuant to the procedures of Article4, Section 5 of the Ohio Constitution with regard to field sobriety testing procedures or results. Consequently, the legislature's amendment to R.C. 4511.19 at issue herein does not violate Article 4, Section 5 of the Ohio Constitution[1] by usurping the judicial function of procedural rule-making for the courts. . . .
 {¶ 88} "The Rules of Evidence contain provisions regarding the admissibility of certain types of specific evidence. Evid.R. 807, for example, provides a specific procedure for child testimony in abuse cases. However, we find that no specific Rule of Evidence pertinent to the standard of admissibility required for field sobriety tests has been adopted. The Homan court cited no specific evidentiary rule in its opinion. . . . "Although we are very cognizant of the judicial branch's exclusive authority under the Ohio Constitution to promulgate rules of procedure in its courts, the legislature's amendment of R.C. 4511.19 has not infringed upon that authority. . . . We conclude that S.B. 163 simply replaced the common law standard of admissibility announced in Homan. As such, the legislative enactment did not create a constitutionally impermissible conflict with a formally prescribed rule of practice and procedure. Thus, we find that the substantial compliance standard adopted by legislative amendment to R.C. 4511.19 does not contravene Article 4, Section 5 of the Ohio Constitution." Id. at paragraph 7, 9, 11-12. See also State v. Nicholson, Warren App. No. CA2003-10-106, 2004-Ohio-6666
and State v. Miracle, Butler App. No. CA2003-11-275, CA2003-11, 283,2004-Ohio-7137.
 {¶ 89} Based on the foregoing, I concur that R.C. 4511.19, as amended by S.B. 163, does not violate the constitutional rule-making authority of the Ohio Supreme Court. Specifically, I find that R.C. 4511.19, as amended, does not conflict with any formally adopted rule of evidence promulgated by the Ohio Supreme Court pursuant to Section 5(B), Article IV
of the Ohio Constitution and that, therefore, R.C. 4511.19 survives the type of constitutional challenge made by the appellant.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court, Ohio, is affirmed. Costs assessed to appellant.
[1] Such section is cited in the majority's opinion.