OPINION
{¶ 1} Defendant-Appellant, Charles R. Castle, appeals a judgment of the Montgomery County Common Pleas Court finding him guilty of operating a vehicle intoxicated (OVI) and sentencing him to a two-year prison term. Castle asserts that his conviction ought to be reversed because the officer lacked *Page 2 
reasonable articulable suspicion to conduct the field sobriety tests, and that he did not have probable cause to arrest. Finding that the trial court did not err in determining that there was reasonable articulable suspicion to administer the tests, and that there was probable cause to arrest, we reject Castle's arguments and affirm his conviction.
 {¶ 2} At approximately 2:15 a.m. on March 19, 2006, Castle was operating a motor vehicle northbound on Wilmington Pike in the City of Kettering. Officer Lambert of the Kettering Police Department, who was following Castle, observed Castle repeatedly weaving from his lane of travel and then "jerking" back. Lambert paced the vehicle for approximately one-half mile, observing the weaving, before initiating a traffic stop for the "weaving and lane change violations."
 {¶ 3} After Officer Lambert approached Castle's vehicle and engaged in a conversation with him, he observed that Castle's eyes were very red and glassy, that he had a strong odor of alcohol on his breath, and that his speech was slightly slurred. During this conversation, Castle conceded to Officer Lambert that he had neither a drivers' license nor proof of insurance; however he gave the Officer his name and social security number. At this point Officer Lambert returned to his cruiser and ran his name and social security *Page 3 
number through the computer. The computer check reported that Castle was under multiple suspensions, including one active OVI court suspension and one habitual alcoholic suspension.
 {¶ 4} At this point, Officer Lambert called for backup, and conducted field sobriety tests on Castle. During these tests, Officer Lambert observed that Castle swayed a little from side to side during the tests, and he observed all six clues to be present on the HGN test. Castle did perform the Alphabet Test successfully, but when Officer Lambert began to explain the Number Count Test, Castle told him "just take me away," and he refused to perform any further tests.
 {¶ 5} Castle was then arrested for OVI and transported to the Kettering City Jail where he refused to take a breathalyzer test or to make any further statement.
 {¶ 6} Castle was indicted for one count of OVI, with a prior felony conviction, in violation of R.C. 4511.19(A)(1), 4511.19(G)(1)(e), a felony of the third degree. Castle filed a motion to suppress, which was overruled by the trial court. Thereafter, Castle entered a no contest plea to the charge. He was convicted and sentenced to a two-year term of incarceration. It is from this conviction that Castle files this timely appeal, setting forth two assignments of error for our consideration. *Page 4 
 FIRST ASSIGNMENT OF ERROR
 {¶ 7} "THE TRIAL COURT ERRED IN DETERMINING THE ARRESTING OFFICER POSSESSED REASONABLE ARTICULABLE SUSPICION TO REQUEST CASTLE TO SUBMIT TO FIELD SOBRIETY TESTS."
SECOND ASSIGNMENT OF ERROR
 {¶ 8} "THE TRIAL COURT ERRED IN DETERMINING THE ARRESTING OFFICER POSSESSED PROBABLE CAUSE TO ARREST CASTLE."
 {¶ 9} In his First Assignment of Error, Castle argues that Officer Lambert had an insufficient basis for administering field sobriety tests during the traffic stop. In support he compares this case with State v.Dixon (Dec. 1, 2000), Greene App. No. 2000-CA-30, and State v.Spillers (March 24, 2000), Darke App. No. 1504. We distinguish this case from both Spillers and Dixon.
 {¶ 10} We begin with a summary of the cases on which Castle relies. InSpillers the officer was relying only on de minimus traffic violations, a "slight" odor of alcohol, and the admission of alcohol consumption to justify the administration of field sobriety tests. The "de minimus" violation was weaving within his own lane of travel; unlike here, where the weaving was into both other lanes of travel. In Spillers, we stated that "[a] slight odor of alcoholic beverage is insufficient, by itself, to trigger a reasonable *Page 5 
suspicion of DUI, and nominal traffic violations, being common to virtually every driver, add nothing of significance. Accordingly, we concluded that the trial court did not err in finding that the detention of Spillers for the purpose of administering a field sobriety test was unlawful." Spillers, supra.
 {¶ 11} Similarly, in Dixon the officer stopped a car with darkly tinted windows and noticed that the driver had glassy, bloodshot eyes, a slight odor of alcohol, and the admission of alcohol consumption. Because tinted windows do not indicate impairment, the officer was attempting to rely only on the condition of the eyes, the slight odor of alcohol, and the admitted consumption of alcohol to justify the field sobriety tests. We determined that these factors were insufficient to warrant the additional intrusion of field sobriety tests. However, the facts of this case differ from those of both Spillers andDixon.
 {¶ 12} In order to warrant removing a person from his vehicle to conduct field sobriety tests, a police officer must have reasonable articulable suspicion to believe that the person was driving under the influence of drugs or alcohol. See, e.g., State v. Spillers (March 24, 2000), Darke App. No. 1504. In this case, the trial *Page 6 
court found that Office Lambert did have reasonable articulable suspicion to believe that Castle was driving under the influence, sufficient to warrant conducting field sobriety tests. Officer Lambert initially stopped Castle because he was repeatedly weaving outside his lane of travel at 2:15 a.m. In Spillers, the weaving was totally within his own lane of travel; he never crossed into another lane. The nature of this violation takes it out of the class of "de minimus violations" addressed in Spillers, and unlike in Dixon, is indicative of impaired driving by itself. Moreover, during the stop herein, Lambert observed that Castle's eyes were very red and glassy; that Castle smelledstrongly of alcohol, and that Castle's speech was slightly slurred. All of these factors, considered together, warranted the administration of field sobriety tests. Accordingly, Castle's first assignment of error is overruled.
 {¶ 13} In arguing his second assignment of error, Castle combines his claim from his first assignment of error, and suggests that Officer Lambert lacked probable cause to arrest him for OVI. We disagree.
 {¶ 14} It is undisputed that Officer Lambert correctly *Page 7 
stopped Castle for multiple lane change violations. After initiating the stop, Lambert observed Castle's very red, glassy eyes, heard his slurred speech, and smelled a strong odor of alcohol. Therefore, Officer Lambert was warranted in conducting field sobriety tests. After Castle additionally exhibited all six clues on the HGN test, Officer Lambert had probable cause to arrest him for OVI. Accordingly, Castle's Second Assignment of Error is overruled.
 {¶ 15} For the foregoing reasons, the judgment of the Montgomery County Common Pleas Court is hereby affirmed.
BROGAN, J. And FAIN, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1