OPINION
{¶ 1} Plaintiff-appellant State of Ohio appeals a decision of the Miami County Court of Common Pleas which sustained the motion to suppress of defendant-appellee Robert W. Swartz filed on April 16, 2007. A hearing was held on said motion on May 22, 2007, and on October 3, 2008, the trial court issued a written decision sustaining the motion. For the following reasons *Page 2 
the judgment of the trial court will be affirmed.
 I {¶ 2} While on patrol at approximately 2 a.m. on August 19, 2006, Troy Police Officer Jesse Canan observed a black Ford Explorer complete a left turn without signaling. Patrolman Canan initiated a traffic stop and approached the vehicle. Upon approaching the vehicle on the driver's side of the vehicle, Ptl. Canan testified that he immediately noticed that the driver's eyes were glassy and bloodshot. Ptl. Canan testified that he asked the driver, who was later identified as Swartz, if he understood why he had been stopped. Swartz stated that he was unaware of the reason for the stop. Ptl. Canan testified that when Swartz spoke to him, he was able to smell the odor of alcohol on Swartz's breath. Swartz denied having consumed any alcohol that evening and stated that he was only giving his inebriated friends a ride home.
 {¶ 3} Ptl. Canan then asked Swartz for his driver's license and returned to his cruiser to run a computer search based upon the personal information provided by Swartz. Upon returning to the stopped vehicle, Ptl. Canan testified that he told Swartz he did not believe that he was sober and asked to him to exit the vehicle in order to submit to field sobriety testing. Ptl. Canan administered the Horizontal Gaze Nystagmus Test, the Walk and Turn Test, and One Leg Stand Test. Based on his observations of Swartz's performance regarding the field sobriety tests, Ptl. Canan arrested Swartz for violating R.C. § 4511.19(A)(1)(a).
 {¶ 4} In its written decision sustaining the motion to suppress, the trial court held that the evidence adduced at the hearing was insufficient to establish that Ptl. Canan possessed a reasonable, articulable suspicion to request that Swartz exit the vehicle and submit to field sobriety testing. The State filed a timely notice of appeal with this Court on October 15, 2008. *Page 3 
 II {¶ 5} The State's sole assignment of error is as follows:
 {¶ 6} "THE TRIAL COURT SHOULD HAVE RULED THAT THERE WAS A REASONABLE ARTICULABLE SUSPICION TO JUSTIFY THE POLICE OFFICER'S REQUEST THAT DEFENDANT PERFORM FIELD SOBRIETY TESTS."
 {¶ 7} In its sole assignment, the State argues that the trial court erred when it sustained Swartz's motion to suppress. Specifically, the State contends that the totality of the circumstances surrounding the initial stop and investigation establish that Ptl. Canan had a reasonable belief that Swartz was intoxicated such that it became necessary for Swartz to exit his vehicle and submit to field sobriety testing.
 {¶ 8} With respect to a motion to suppress, "the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v.Hopfer ( 1996), 112 Ohio App.3d 521, 548, 679 N.E.2d 321, quotingState v. Venham (1994), 96 Ohio App.3d 649, 653, 645 N.E.2d 831. The court of appeals must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record. State v.Isaac (July 15, 2005), Montgomery App. No. 20662, 2005-Ohio-3733, citingState v. Retherford (1994), 93 Ohio App.3d 586, 639 N.E.2d 498. Accepting those facts as true, the appellate court must then determine, as a matter of law and without deference to the trial court's legal conclusion, whether the applicable legal standard is satisfied.Id.
 {¶ 9} It should be initially noted that neither party disputes that Ptl. Canan had probable cause to stop Swartz for the traffic offense of failing to signal when performing a left turn. The issue before us, however, is whether Ptl. Canan had a *Page 4 
reasonable, articulable suspicion to remove Swartz from his vehicle in order to conduct field sobriety tests. "We have said on numerous occasions that these decisions are very fact-intensive." State v.Wells, Montgomery App. No. 20798, 2005-Ohio-5008; see, e.g., State v.Criswell, Montgomery App. No. 20952, 2005-Ohio-3876.
 {¶ 10} In support of its decision sustaining Swartz's motion to suppress, the trial court relied upon State v. Dixon (Dec. 1, 2000), Greene App. No. 2000-CA-30, and State v. Spillers (March 24, 2000), Darke App. No. 1504.
 {¶ 11} "In order to warrant removing a person from his vehicle to conduct field sobriety tests, a police officer must have reasonable articulable suspicion to believe that the person was driving under the influence of drugs or alcohol." State v. Knox, Greene App. No. 2005-CA-74, 2006-Ohio-3039, ¶ 11. In both Spillers and Dixon, we held that the officers lacked a reasonable suspicion to justify conducting a field sobriety test. We have summarized those cases as follows:
 {¶ 12} "In Spillers the officer was relying only on de minimus traffic violations[1], a `slight' odor of alcohol, and the admission of alcohol consumption to justify the administration of field sobriety tests. We stated there that `[a] slight odor of alcoholic beverage is insufficient, by itself, to trigger a reasonable suspicion of DUI, and nominal traffic violations, being common to virtually every driver, add nothing of significance. Accordingly, we concluded that the trial court did not err in finding that the detention of *Page 5 
Spillers for the purpose of administering a field sobriety test was unlawful.' Spillers, supra (emphasis in the original).
 {¶ 13} "Similarly, in Dixon the officer stopped a car with darkly tinted windows and noticed that the driver had glassy, bloodshot eyes, a slight odor of alcohol, and the admission of alcohol consumption. Because tinted windows do not indicate impairment, the officer was attempting to rely only on the condition of the eyes, the slight odor of alcohol, and the admitted consumption of alcohol to justify the field sobriety tests. We determined that these factors were insufficient to warrant the additional intrusion of field sobriety tests." Knox
at ¶ 9-10; State v. Castle, Montgomery App. No. 21698, 2007-Ohio-5165, ¶ 10-11.
 {¶ 14} The trial court pointed out that the only indicia of intoxication that Swartz exhibited were glassy, bloodshot eyes and the smell of alcohol. The trial court found it significant that Ptl. Canan did not provide any testimony regarding the intensity or strength of the odor emanating from Swartz. In Dixon, the defendant also had an odor of alcohol, had glassy, bloodshot eyes, and admitted having consumed one or two beers. Id., Greene App. No. 2000-CA-30. In this regard, we stated the following:
 {¶ 15} "`[t]he mere detection of an odor of alcohol, unaccompanied by any basis, drawn from the officer's experience or expertise, for correlating that odor with a level of intoxication that would likely impair the subject's driving ability, is not enough to establish that the subject was driving under the influence. Nor is the subject's admission that he had one or two beers. Perhaps one day it will be illegal to drink and drive. That is not the present state of the law, however.' 2000 WL 1760664, at *2." Unlike the defendant inDixon, Swartz repeatedly denied that he had consumed any *Page 6 
alcoholic beverages on the night in question. Moreover, there was no evidence adduced at the suppression hearing which established that Swartz smelled of alcohol once he exited the vehicle. In fact, the evidence adduced was that Swartz claimed he was out that night to give his intoxicated friends a ride home. In light of this evidence, the trial court concluded that the other two occupants of the car could have "contributed overwhelmingly, if not exclusively, to the [alcohol] odor inside the car."
 {¶ 16} Viewing the totality of the circumstances, Ptl. Canan did not possess a reasonable, articulable suspicion that Swartz might be driving under the influence of alcohol that justified conducting field sobriety tests. State v. Howard, Greene App. No. 2007 CA 42, 2008-Ohio-2241. A de minimis traffic violation, coupled with glassy, bloodshot eyes and an unspecified odor of alcohol is insufficient justification to conduct field sobriety tests. Thus, the trial court did not err when it sustained Swartz's motion to suppress.
 {¶ 17} The State's sole assignment of error is overruled.
 III {¶ 18} The State's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
BROGAN, J. and GRADY, J., concur.
Copies mailed to:
Brandon A. Coate
Samuel L. Huffman
Hon. Mel Kemmer
[1] At the suppression hearing, Ptl. Canan testified that he did not factor Swartz's failure to signal into his reasoning for removing Swartz from the vehicle and conducting field sobriety tests. Ptl. Canan testified that the only two factors that weighed in his decision to conduct the tests were that Swartz had bloodshot, glassy eyes and that he smelled of alcohol. *Page 1