[Cite as *State v. Huffman*, 2011-Ohio-4668.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

STATE OF OHIO                                    :
                                                 :        Appellate Case No. 2010-CA-104
        Plaintiff-Appellee                       :
                                                 :        Trial Court Case Nos. 09-TRC-12322
v.                                               :                              09-TRD-7660
                                                 :
DONALD HUFFMAN                                   :
                                                 :        (Criminal Appeal from
        Defendant-Appellant          :           Clark County Municipal Court)
                                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of September, 2011.

. . . . . . . . .

MICHAEL F. SHEILS, Atty. Reg. #0021678, Clark County Prosecutor's Office, 50 East
Columbia Street, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

ZACHARY BUSHATZ, Atty. Reg. #0083972, 2190 Gateway Drive, Fairborn, Ohio 45324
        Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

{¶ 1}   Donald Huffman appeals from his conviction and sentence in Municipal Court

on multiple charges, including operating a vehicle while under the influence of alcohol

(OVI).[1]

---

[1] Although a jury found Huffman guilty on several charges, his appellate brief addresses only the OVI conviction. Therefore, we

**{¶ 2}** Huffman advances three assignments of error on appeal. First, he alleges ineffective assistance of trial counsel based on his attorney's failure to seek suppression of field-sobriety test results. Second, he claims the State failed to establish substantial compliance with standards for administering field-sobriety tests. Third, he asserts that his OVI conviction   is against the weight of the evidence.

**{¶ 3}** The record reflects that officer Roger Jenkins stopped Huffman's vehicle after checking its license plate and discovering that the vehicle's owner had an outstanding warrant and a suspended license. (Trial transcript at 48-49, 54). Jenkins approached the stopped car and confirmed that the driver, Huffman, was the registered owner. (Id. at 55). Jenkins observed that Huffman had bloodshot, glassy eyes. (Id. at 54). Jenkins also detected a strong odor of alcohol. (Id. at 54-56). At that point, the officer asked Huffman to step out of the vehicle to perform field-sobriety tests. (Id. at 55-56). When Huffman exited the vehicle, Jenkins noticed that his gait was "unsteady" and that he "didn't have full balance[.]" (Id. at 56-57). Jenkins again noticed a strong odor of alcohol coming from his breath, and Huffman admitted drinking "a few beers." (Id. at 57-58).

**{¶ 4}** Once they reached Jenkins's police car, the officer had Huffman perform three field-sobriety tests: the horizontal gaze nystagmus (HGN) test, the one-legged stand, and the walk-and-turn test. (Id. at 58). On the HGN test, Jenkins found six out of six clues positive for intoxication. (Id. at 67). On the one-legged stand test, Huffman swayed and put his foot down once. (Id. at 72-73). On the walk-and-turn test, Huffman moved his feet before starting, attempted to start prematurely, turned incorrectly, and stepped off of the line he was walking.

---

will limit our analysis to that issue.

(Id. at 77). After completing the field-sobriety tests, Jenkins arrested Huffman on the outstanding warrant and on suspicion of driving while under the influence of alcohol. (Id. at 78). Huffman subsequently refused to take a breath-alcohol test. (Id. at 82). Based on all of his observations, Jenkins testified at trial that he believed Huffman was "intoxicated from alcohol." (Id. at 83). A jury found Huffman guilty, and the trial court sentenced him accordingly. This appeal followed.

{¶ 5} In his first assignment of error, Huffman claims Jenkins lacked articulable suspicion of intoxication to justify requiring him to perform field-sobriety tests. Therefore, Huffman contends his attorney provided ineffective assistance by not moving to suppress the test results.

{¶ 6} In support of his argument, Huffman relies largely on *State v. Evans* (1998), 127 Ohio App.3d 56, an Eleventh Appellate District decision that recited various non-exclusive factors that may be indicative of intoxication. Id. at 63 n.2. Applying the *Evans* factors to his case, Huffman asserts that only four or five of them militate in favor of requiring him to undergo field-sobriety tests. Huffman also cites other cases to support his claim that glassy eyes, an odor of alcohol, and an admission to drinking are not enough to require a suspect to undergo field-sobriety tests. Therefore, he argues that his attorney provided ineffective assistance by failing to seek suppression of the test results.

{¶ 7} This court reviews "alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, * * *. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance.

*Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different." *State v. Mitchell*, Montgomery App. No. 21957, 2008-Ohio-493, ¶ 31.

{¶ 8}   Upon review, we conclude that Jenkins had reasonable, articulable suspicion of an OVI violation sufficient to justify performing field-sobriety tests. Jenkins lawfully stopped Huffman for having a suspended license and an outstanding warrant. When he approached the stopped vehicle, Jenkins noticed that Huffman had bloodshot, glassy eyes and detected a strong odor of alcohol. Based on the lawful stop alone, Jenkins was permitted to order Huffman out of his vehicle. *State v. Wells*, Montgomery App. No. 20798, 2005-Ohio-5008, ¶11 (noting that an officer need not have reasonable suspicion of criminal activity to order the driver of a legally stopped vehicle out of the car). When Huffman exited his car, Jenkins again detected a strong odor of alcohol and observed that his gait was "unsteady" and that he "didn't have full balance[.]" Huffman also admitted drinking "a few beers."

{¶ 9}   The appearance of Huffman's eyes and the strong odor of alcohol were enough to give Jenkins reason to believe Huffman had been drinking—even without regard to Huffman's admission to consuming beer. We recognize that evidence of alcohol consumption alone may not always justify administering field-sobriety tests. See, e.g, *State v. Swartz*, Miami App. No. 2008 CA 31, 2009-Ohio-902 (noting that is not per se illegal to drink and drive). Before administering the tests in this case, however, Jenkins also watched Huffman walk. Huffman's unsteady gait and lack of balance gave the officer reasonable suspicion to

believe alcohol consumption may have impaired his ability to drive.[2] None of the cases upon which Huffman relies involved a suspect with bloodshot, glassy eyes and a strong odor of alcohol, who admitted consuming "a few beers" *and* exhibited difficulty walking. Without question, the facts known to Jenkins before he administered field-sobriety tests gave him reasonable, articulable suspicion to believe Huffman was operating a vehicle under the influence of alcohol. Cf. *State v. Hido*, Clark App. No. 10CA0046, 2011-Ohio-2560, ¶10 ("This court has * * * repeatedly held that a strong odor of alcohol alone may be sufficient to provide an officer with reasonable suspicion of criminal behavior."). Therefore, defense counsel's failure to seek suppression of the test results did not constitute ineffective assistance of counsel. The first assignment of error is overruled.

{¶ 10} In his second assignment of error, Huffman claims the State failed to establish Jenkins's substantial compliance with standards governing administration of field-sobriety tests. This argument concerns the prosecutor's alleged failure at trial to demonstrate substantial compliance with testing standards set by the National Highway Traffic Safety Administration (NHTSA). Huffman cites several cases in which field-sobriety test results were suppressed where the State failed to show substantial compliance with NHTSA standards.

{¶ 11} Having reviewed the record, we find Huffman's argument to be without merit. Notably, Huffman failed to challenge Jenkins's compliance with NHTSA standards in the trial

---

[2] We recognize that Jenkins already had decided to perform field-sobriety tests when he ordered Huffman out of the stopped vehicle. (Trial transcript at 55). As noted above, however, Jenkins did not need articulable suspicion of intoxication to order Huffman out of the car. The traffic stop for a suspended license and an outstanding warrant justified removing Huffman from his vehicle. Once Jenkins lawfully removed Huffman from the stopped vehicle, Huffman's unsteady gait and lack of balance further supported the officer's decision to administer field-sobriety tests.

court. Where a defendant fails to "raise in the trial court any claim that his field sobriety tests were not conducted in substantial compliance with standardized testing procedures," the issue has been waived and need not be considered on appeal. *State v. Hall*, Greene App. No. 04CA86, 2005-Ohio-4526, ¶24. The cases cited by Huffman are distinguishable insofar as they all involved pre-trial suppression motions that required the State to establish substantial compliance with NHTSA standards.

{¶ 12} Given Huffman's failure to raise the substantial-compliance issue below, his claim is subject to plain-error review. Plain error does not exist unless, but for the error, the outcome below clearly would have been different. *State v. Long* (1978), 53 Ohio St.2d 91, paragraph two of the syllabus. We find no plain error here. At trial, Jenkins testified in some detail about each field-sobriety test he performed. (Trial transcript at 58-78). On appeal, Huffman identifies no particular instance of non-compliance with NHTSA standards. Based on the record before us, and absent a more specific argument from Huffman, we do not find that the result of the proceeding below clearly would have been different if the substantial-compliance issue had been raised.[3] Accordingly, the second assignment of error is overruled.

{¶ 13} In his third assignment of error, Huffman contends his OVI conviction is against the manifest weight of the evidence. In support, he asserts that the evidence consisted solely of results from faulty tests that failed to comply with NHTSA standards and should

---

[3]Even if we were to construe the second assignment of error as alleging ineffective assistance of counsel (which it does not) for failing to raise the substantial-compliance issue, Huffman's argument would lack merit. As set forth above, Huffman has not identified any particular instance of non-compliance with NHTSA standards. Nor has he demonstrated Jenkins's inability to establish substantial compliance with NHTSA standards if the issue had been raised. Therefore, we find no reasonable probability that the result would have been different if defense counsel had objected to admission of the field-sobriety test results.

have been suppressed.

{¶ 14} When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387. Reversal is warranted "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin* (1983), 20 Ohio App.3d 172, 175.

{¶ 15} Huffman's OVI conviction is not against the weight of the evidence. The jury heard testimony that Huffman had bloodshot, glassy eyes and a strong odor of alcohol. Officer Jenkins testified that he admitted consuming more than one beer and had trouble keeping his balance. Jenkins also testified about Huffman's relatively poor performance on three field-sobriety tests. On the HGN test, Jenkins found six out of six clues positive for intoxication. On the one-legged stand test, Huffman swayed and put his foot down. On the walk-and-turn test, Huffman moved his feet before starting, attempted to start prematurely, turned incorrectly, and stepped off of the line he was walking. In light of Jenkins's testimony and the results of the field-sobriety tests, which Huffman has failed to establish were subject to suppression, the evidence does not weigh heavily against the OVI conviction. The third assignment of error is overruled.

{¶ 16} The judgment of the Clark County Municipal Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Michael Sheils
Zachary Bushatz
Hon. Denise L. Moody