[Cite as *State v. Lewis*, 2017-Ohio-996.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
AUGLAIZE COUNTY**

**STATE OF OHIO,**

      **PLAINTIFF-APPELLEE,**               **CASE NO.  2-16-13**

      **v.**

**JOHNNY RAY LEWIS,**             **O P I N I O N**

      **DEFENDANT-APPELLANT.**

**Appeal from Auglaize County Municipal Court
Trial Court No. 2016 TRC 02273**

**Judgment Affirmed**

**Date of Decision:  March 20, 2017**

**APPEARANCES:**

      *Konrad Kuczak* **for Appellant**

Case No. 2-16-13

**PRESTON, P.J.**

{¶1} Defendant-appellant, Johnny Ray Lewis ("Lewis"), appeals the October 7, 2016 judgment of the Auglaize County Municipal Court convicting him of operating a motor vehicle while under the influence of drugs or alcohol ("OVI") after his motion to suppress evidence was denied. For the reasons that follow, we affirm.

{¶2} On April 8, 2016, at approximately 6:44 p.m., Ohio State Highway Patrol Trooper Benjamin Kohli ("Trooper Kohli") initiated a traffic stop of the tractor-trailer operated by Lewis after Trooper Kohli observed Lewis commit a marked-lanes violation while traveling on I-75 in Auglaize County, Ohio. (July 29, 2016 Tr. at 4-5). Following field-sobriety tests, Lewis was arrested and charged with OVI in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor, and the failure to drive within the marked lanes in violation of R.C. 4511.33, a minor misdemeanor. (*Id.* at 7-13); (Doc. No. 1).

{¶3} On April 13, 2016, Lewis appeared and entered pleas of not guilty. (Doc. No. 12). Lewis filed a motion to suppress evidence on June 22, 2016.[1] (Doc. No. 23). After a hearing on July 29, 2016, the trial court denied Lewis's motion to suppress evidence. (Doc. No. 33).

---

[1] Later, on June 30, 2016, Lewis filed a motion for leave to file his motion to suppress evidence, which was granted. (Doc. Nos. 25, 26).

{¶4} On October 7, 2016, Lewis withdrew his pleas of not guilty and entered a no-contest plea to the OVI charge. (Doc. No. 36). The marked-lanes charge was dismissed. (*Id.*); (Oct. 7, 2016 Tr. at 7). That same day, the trial court accepted Lewis's plea, found him guilty, and sentenced him three days in jail, ordered that he pay a $375 fine, and suspended his operator's license for six months. (Oct. 7, 2016 Tr. at 7-8).[2]

{¶5} Lewis filed his notice of appeal on November 2, 2016. (Doc. No. 38). He raises two assignments of error for our review, which we address together.

### Assignment of Error No. I

**The Trial Court Committed Prejudicial Error by Overruling appellant's Motion to Suppress Evidence when there was no evidence that the appellant had consumed alcohol or drugs prior to the arresting officer requiring appellant to submit to field sobriety tests.**

### Assignment of Error No. II

**The Trial Court Committed Prejudicial Error by Overruling appellant's Motion to Suppress Evidence when the only evidence that a motorist had consumed an alcoholic beverage was that he had consumed, "A couple of beers," some 11 hours prior to the traffic stop.**

{¶6} In his first and second assignments of error, Lewis argues that the trial court erred by denying his motion to suppress evidence. In his first assignment of error, Lewis argues that the trial court erred by concluding that there was reasonable

---

[2] The trial court ordered that, in lieu of his jail sentence, Lewis could attend "the Driver Intervention Program." (Oct. 7, 2016 Tr. at 8).

suspicion to order Lewis to submit to field-sobriety testing. In his second assignment of error, Lewis argues that the trial court erred by concluding that there was probable cause to arrest Lewis for OVI.

{¶7} As an initial, procedural matter, we note that the State failed to file an appellee's brief. Under these circumstances, App.R. 18(C) provides that this Court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." *See also State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 9. After reviewing the record, we conclude that appellant's brief does not reasonably appear to sustain a reversal.

{¶8} A review of the denial of a motion to suppress involves mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to evaluate the evidence and the credibility of witnesses. *Id. See also State v. Carter*, 72 Ohio St.3d 545, 552 (1995). When reviewing a ruling on a motion to suppress, "an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19 (1982). With respect to the trial court's conclusions of law, however, our standard of review is de novo, and we must independently

determine whether the facts satisfy the applicable legal standard. *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

{¶9} Once an officer stops a vehicle for a minor traffic offense and begins the process of obtaining the offender's license and registration, the officer may then proceed to investigate the offender for OVI if the officer has a reasonable suspicion, based on specific and articulable facts separate from the facts that served as the impetus for the traffic stop, that the detainee is under the influence.

*State v. Schriml*, 3d Dist. Marion No. 9-12-32, 2013-Ohio-2845, ¶ 26, citing *State v. Evans*, 127 Ohio App.3d 56, 62-63 (3d Dist.1998), citing *State v. Yemma*, 11th Dist. Portage No. 95-P-0156, 1996 WL 495076 (Aug. 9, 1996). "Whether a law enforcement officer possessed reasonable suspicion or probable cause to continue to detain an individual must also be examined in light of the 'totality of the circumstances.'" *Id.* at ¶ 26, citing *State v. Cromes*, 3d Dist. Shelby No. 17-06-07, 2006-Ohio-6924, ¶ 38, citing *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744 (2002).

Circumstances from which an officer may derive a reasonable, articulable suspicion that the detained driver was operating the vehicle while under the influence include, but are not limited to:

"(1) the time and day of the stop (Friday or Saturday night as opposed to, e.g., Tuesday morning); (2) the location of the stop (e.g., whether near establishments selling alcohol); (3) any indicia of erratic driving before the stop that may indicate a lack of coordination (speeding, weaving, unusual braking, etc.); (4) whether there is a cognizable report that the driver may be intoxicated; (5) the condition of the suspect's eyes (bloodshot, glassy, glazed, etc.); (6) impairments of the suspect's ability to speak (slurred speech, overly deliberate speech, etc.); (7) the odor of alcohol coming from the interior of the car, or, more significantly, on the suspect's person or breath; (8) the intensity of that odor, as described by the officer ("very strong," "strong," "moderate," "slight," etc.); (9) the suspect's demeanor (belligerent, uncooperative, etc.); (10) any actions by the suspect after the stop that might indicate a lack of coordination (dropping keys, falling over, fumbling for a wallet, etc.); and (11) the suspect's admission of alcohol consumption, the number of drinks had, and the amount of time in which they were consumed, if given."

*Id.*, quoting *Evans* at 63, fn. 2. "'All of these factors, together with the officer's previous experience in dealing with [impaired] drivers, may be taken into account

by a reviewing court in determining whether the officer acted reasonably. No single factor is determinative.'" *Id.*, quoting *Evans* at 63, fn. 2.

{¶10} Trooper Kohli testified that he has worked as an Ohio State Highway Patrol Trooper for "[a] little over a year" and has been trained in the techniques and procedures involving the detection and apprehension of persons suspected of OVI. (July 29, 2016 Tr. at 3). Trooper Kohli testified that on April 8, 2016, a Friday, a tractor-trailer matching the description of Lewis's tractor-trailer was reported to law enforcement as driving recklessly "all over the roadway." (*Id.* at 4). Trooper Kohli spotted the tractor-trailer and "got behind it, and it was a couple hundred yards up the road that the semi went – did a marked lanes violation from the right lane into the left lane and almost struck a white car that was travelling southbound there in the left lane." (*Id.* at 5). Indeed, the video recording of Lewis prior to the traffic stop reveals Lewis repeatedly weaving outside his lane of travel. (State's Ex. A). *See State v. Castle*, 2d Dist. Montgomery No. 21698, 2007-Ohio-5165, ¶ 12 (noting that "repeatedly weaving" outside the lane of travel constitutes reasonable suspicion that an offender is driving under the influence of drugs or alcohol and "is indicative of impaired driving by itself"). That video recording also reveals that Lewis was slow to respond to Trooper Kohli's universal sign that Lewis is the subject of a traffic stop—the activation of the flashing lights and siren of Trooper Kohli's patrol car behind Lewis. (State's Ex. A).

{¶11} After Trooper Kohli asked for Lewis's driver's license, he noticed that Lewis's speech "was very slurred" and "some of the words were muffled and mumbled." (July 29, 2016 Tr. at 7). Trooper Kohli indicated in his impaired-driver report that he noticed a "small" odor of alcohol coming from Lewis. (*Id.* at 29); (State's Ex. B). After making those observations, Trooper Kohli asked Lewis to exit the truck and accompany him to his patrol car, to which Lewis agreed. (July 29, 2016 Tr. at 7). Following behind Lewis to his patrol car, Trooper Kohli noticed Lewis "stagger a little bit and it seemed like his balance was off, especially when he was getting out of the semi." (*Id.* at 7-8). While at his patrol car, Trooper Kohli "asked him several questions and because of the slurred speech, something just kind of felt a little bit different, especially with the multiple marked lanes violations, so [he] asked him [to] check his eyes to make sure that he was okay to drive," to which he did not object. (*Id.* at 8). After making those observations, Trooper Kohli began administering a field-sobriety test. (*Id.*). After reviewing the record, we conclude that Trooper Kohli had a reasonable, articulable suspicion to continue the traffic stop for purposes of conducting field-sobriety testing based on the totality of the circumstances. *See Schriml* at ¶ 27.

{¶12} Because we conclude that Trooper Kohli had a reasonable, articulable suspicion to continue the traffic stop for purposes of conducting field-sobriety testing, we turn to whether Trooper Kohli had probable cause to arrest Lewis for

OVI. "'In determining whether the police had probable cause to arrest an individual for [OVI], we must consider whether, at the moment of arrest, the police had information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence.'" *Id.* at ¶ 39, quoting *State v. Thompson*, 3d Dist. Union Nos. 14-04-34 and 14-04-35, 2005-Ohio-2053, ¶ 18, citing *State v. Homan*, 89 Ohio St.3d 421 (2000), *superseded by statute on other grounds*, *State v. Bozcar*, 113 Ohio St.3d 148, 2007-Ohio-1251. "The existence of probable cause is based on the totality of the circumstances." *Id.*, citing *State v. Cromes*, 3d Dist. Shelby No. 17-06-07, 2006-Ohio-6924, ¶ 38, citing *Arvizu*, 534 U.S. at 273.

{¶13} After reviewing the record, we conclude that Trooper Kohli had probable cause to arrest Lewis for OVI based on the totality of the circumstances. In addition to the evidence we discussed above that formed the reasonable suspicion to continue the traffic stop to conduct field-sobriety tests, Lewis exhibited several clues that he was impaired during the field-sobriety tests—clues which are relevant to determining whether Trooper Kohli had probable cause to arrest Lewis for OVI. *See id.* at ¶ 40 ("the clues observed by Trooper Young during the field sobriety tests are relevant for a determination of probable cause for arrest"). Trooper Kohli testified that he "check[ed] his eyes to make sure that he was okay to drive" and "saw the nystagmus in his eyes, so [he] saw the * * * six clues, and then [he] also

saw the vertical nystagmus that was in his eyes." (July 29, 2016 Tr. at 9). *See State v. Wright*, 11th Dist. Lake No. 2013-L-088, 2015-Ohio-2600, ¶ 62 (noting that vertical nystagmus indicates impairment due to drugs).

{¶14} Trooper Kohli conducted divided-attention skills, including "the walk and turn test [and] the one leg stand test." (July 29, 2016 Tr. at 9). Trooper Kohli "noticed six of the eight clues" that Lewis was impaired when he conducted the "walk and turn test." (July 29, 2016 Tr. at 9). *See Wright* at ¶ 72 ("Appellant also displayed four clues during the one-leg stand test, which is indicative of impairment, and displayed three clues on the walk-and-turn test, which is also indicative of impairment."). Lewis had trouble maintaining his balance while Trooper Kohli was explaining the walk-and-turn test, and, during the test, Lewis stepped off of the "line," turned incorrectly, and raised his "arms six inches to maintain balance." (July 29, 2016 Tr. at 11). Trooper Kohli concluded that Lewis was "unable to complete" the "one leg stand test" because he put "his foot down too many times." (*Id.* at 10). Indeed, the video recording of Lewis performing the divided-attention skills reveals that Lewis exhibited significant difficulty in retaining his balance while performing the walk-and-turn test and the one-leg-stand test. (State's Ex. A). Also, regarding the one-leg-stand test, Trooper Kohli instructed Lewis to count from one-one thousand up; however, Lewis "kept counting from three one thousand down," which is also reflected in the video recording. (July 29, 2016 Tr. at 10);

(State's Ex. A). Finally, regarding the "alphabet test," Trooper Kohli instructed Lewis to recite the alphabet "from the letter G to the letter X." (July 29, 2016 Tr. at 11). Lewis "was correct all the way up to T, U, and then he was incorrect when he said T, U, X." (*Id.*). Moreover, Lewis admitted to Trooper Kohli that he "had a few" alcoholic beverages in combination with prescription medication. (*Id.* at 12). Trooper Kohli later clarified that Lewis admitted to consuming the alcoholic beverages at 8:00 a.m. (*Id.* at 31). In light of the totality of those circumstances, we conclude that Trooper Kohli had probable cause to arrest Lewis for OVI. *See Schriml* at ¶ 40; *Castle*, 2007-Ohio-5165, at ¶ 14; *Wright* at ¶ 71-73.

{¶15} For these reasons, Lewis's first and second assignments of error are overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**

-11-