OPINION
{¶ 1} Defendant, Charles Burgess, appeals from a conviction on charges of domestic violence and assault. After being convicted, Burgess was sentenced to 180 days in jail, but the sentence was suspended, and Burgess was ordered to perform community service.
 {¶ 2} In support of the appeal, Burgess raises the following single assignment of error:
 {¶ 3} "The Defendant was denied his constitutional right to a fair trial and due process of law where the trial court erred in denying Defendant's motions for acquittal where the evidence was insufficient to sustain a conviction for the crime."
 {¶ 4} After considering the record and applicable law, we find the assignment of error without merit. Accordingly, the judgment of the trial court will be affirmed.
 I {¶ 5} The single assignment of error is based on the use at trial of statements that the victim, Bobby Wireman, made to a police officer at the scene of the alleged assault. These statements contradicted Wireman's later testimony at trial. Burgess contends that the prosecutor failed to satisfy prerequisites that would have allowed the statements to be used for impeachment. In addition, Burgess claims that the statements could not be admitted as substantive evidence under Evid. R. 801(D)(1)(a), 801(D)(2) or 803. Before addressing these points, we will briefly outline the testimony at trial.
 {¶ 6} This case was tried to the bench in Dayton Municipal Court, and only two witnesses testified: Wireman and Office Velez, of the Dayton Police Department. The defense did not present any evidence.
 {¶ 7} Wireman testified first, and said that on August 30, 2004, the police came to the house on Epworth Avenue where Wireman and her boyfriend, Charles Burgess, lived. Wireman and Burgess had lived together for around thirteen or fourteen years, and had two children. Wireman believed a neighbor had called the police. Before the police arrived, Wireman and Burgess had been arguing loudly on the front porch. While they were arguing, Wireman put her shoulder though the glass window on the porch. The window broke and cut her shoulder. Wireman denied that Burgess had caused her any injury. She stated that she was not even really aware that she had a cut on her shoulder until the police arrived. She did have blood on her shirt, which she also claimed to have been unaware of until her daughter pointed it out. Wireman was bleeding when the police arrived.
 {¶ 8} In contrast, Velez testified that he and another officer were dispatched to a house on Epworth. When the officers arrived, Wireman told the officers that she and her boyfriend, Burgess, had gotten into an argument, which had escalated to the point where Burgess pushed her and she fell into a window, hitting her right shoulder. The officers could see a little blood on Wireman's shirt and that she had received a little cut. When the officers asked Wireman what she would like them to do, she said, "Nothing." The officers told her that she had injuries and that they were going to be forced to do a domestic violence report. When Wireman heard that, she began "back-pedaling," saying that nothing really happened, that Burgess did not push her, and that she did it herself. She did not tell the officers that she pushed herself into the window and put her shoulder though the glass.
 {¶ 9} All the above testimony was received without objection, and the defense did not ask any questions. After the City of Dayton rested its case, the defense did not object to admission of any of the exhibits, which included two pictures of Wireman's shoulder, a picture of the broken window, and a tape of the 911 call the police had received.
 {¶ 10} The defense did not call any witnesses, but moved for a Crim. R. 29 acquittal after the City rested its case. The basis for the Rule 29 motion was that the only substantive evidence of what had happened was from the alleged victim, who denied that Burgess had caused her any physical harm. According to the defense, the substantive elements of the crime could only be proven through Wireman, unless the City argued surprise or the court called Wireman as a witness and allowed the City to cross-examine. However, neither of these events had occurred.
 {¶ 11} After taking the matter under consideration, the court filed an entry denying the Crim. R. 29 motion. The court then found Burgess guilty of domestic violence and aggravated assault, and imposed sentence.
 {¶ 12} As a preliminary point, we find that Burgess waived any potential error based on the admission of Officer Velez's testimony, because Burgess failed to object to the testimony at trial. See, e.g., State v. Blair (1990), 70 Ohio App.3d 774,790, 592 N.E.2d 854, and State v. Burg, Greene App. No. 04CA94,2005-Ohio-2666, at ¶ 77 (failure to object to admission of evidence waives error). However, we can consider the matter on a "plain error" basis. State v. Woodruff, Montgomery App. No. 19697, 2003-Ohio-6518, at ¶ 31 (failure to object to inadmissible evidence may be reviewed as plain error). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph three of the syllabus.
 {¶ 13} No such circumstances or miscarriage of justice existed here, because the evidence was admissible and properly supported the conviction. In this regard, Evid. R. 607(A) provides that:
 {¶ 14} "[t]he credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. This exception does not apply to statements admitted pursuant to Evid. R. 801(D)(1)(a), 801(D)(2), or 803."
 {¶ 15} According to Burgess, Wireman's out of court statements were not admissible under any of these exceptions because she was not a party opponent, was available, and did testify at trial. We agree that Evid. R. 801(D)(1)(a) (relating to prior inconsistent statements under oath), and Evid. R. 801(D)(2) (governing admissions by party opponents) do not apply to this case. However, Wireman's prior statements were properly admitted under Evid. R. 803(2), which provides a hearsay exception for excited utterances. Under Evid. R. 803(2), statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" are not excluded by the hearsay rule, even though the declarant is available as a witness. Certain conditions are required for this rule to apply:
 {¶ 16} "First, there must be a startling event that produces a nervous excitement in the declarant, which stills reflective capabilities. * * * Second, if the statement is not made contemporaneously with the startling event, then the statement must have been made while declarant was still in a nervous state without the opportunity to reflect on the startling event. * * * Third, the statement must be related to the startling event. * * * Finally, the declarant must have the opportunity to personally observe the matters asserted in the statement." Statev. Hammad, Cuyahoga App. No. 85001, 2005-Ohio-1852, at ¶ 47, citing State v. Duncan (1978), 53 Ohio St.2d 215,373 N.E.2d 1234, syllabus.
 {¶ 17} In Hammad, an alleged assault victim told her uncle and the uncle's neighbor that she had been beaten by the defendant (who was her boyfriend). The uncle and neighbor then drove the victim to the hospital to be treated for her injuries.2005-Ohio-1852, at ¶ 17-18. However, at trial, the victim denied that the defendant had assaulted her; instead she said she had fallen on steps and had also hit her head on a car door. Id. at ¶ 13-15. After the defendant was convicted, he claimed there was no substantive evidence to prove an assault because the victim's prior inconsistent statements were the only substantive evidence on the elements of the crime. The Eighth District Court of Appeals disagreed, finding that the victim's statements were excited utterances and were substantive evidence under Evid. R, 803(2). Id. at ¶ 37-48.
 {¶ 18} The same reasoning applies to the present case. When the police arrived, Wireman was on the front porch where the incident took place, and was still bleeding. Wireman's statements were made at a time very close to the alleged assault, when Wireman had not yet had an opportunity to reflect on the startling event. The statements were also obviously related to the assault. Consequently, Wireman's statements fit the requirements for excited utterances and were properly admitted as substantive evidence. These statements, together with the remaining evidence, sufficiently supported the Defendant's conviction for domestic violence and assault. Hammad,2005-Ohio-1852, at ¶ 48.
 {¶ 19} In light of the above discussion, the single assignment of error is without merit and is overruled. Accordingly, the judgment of the trial court is affirmed.
Grady, P.J., and Fain, J., concur.