OPINION
{¶ 1} Defendant-Appellant Randall Knox appeals from his conviction for Driving Under the Influence (DUI), following a no-contest plea. Knox contends that the officer who stopped him did not have sufficient cause to justify conducting field sobriety tests; that the tests were not administered in accordance with National Highway Traffic Safety Administration (NHTSA) standards; that the officer lacked probable cause for his arrest for Driving Under the Influence; and that the State failed to prove that the BAC DataMaster machine used to test his breath was properly maintained and calibrated.
 {¶ 2} For the reasons set forth below, we reject each of Knox's arguments. Accordingly, Knox's four assignments of error are overruled, and his conviction is affirmed.
 I {¶ 3} At 1:30 a.m. one October morning, Ohio State Trooper James Williams observed Knox driving without any headlights. Williams turned around and saw that Knox still had his headlights off, so Williams initiated a traffic stop. When he approached the vehicle, Williams saw that Knox's eyes were glassy and bloodshot, and Williams could smell a strong odor of alcohol. Williams explained to Knox why he was stopped, and Knox responded that he was driving his girlfriend's car and did not know how to work the headlights. Williams noticed during the conversation that Knox's speech was thick and slurred. Knox admitted to drinking two beers that evening.
 {¶ 4} Trooper Williams conducted three field sobriety tests: the horizontal gaze nystagmus (HGN); the one-legged stand; and the walk-and-turn. Williams detected six of six clues of impairment during the HGN. Knox passed the one-legged stand test. Knox failed the walk-and-turn test because he did not walk in a straight line, and he did not step heel to toe, as instructed. Accordingly, Williams concluded that Knox was impaired. Williams arrested Knox, who submitted to a breath test that resulted in a .094 reading.
 {¶ 5} Knox was indicted on two counts of DUI, both felonies because he had three prior DUI convictions in the past six years. Knox's motion to suppress was overruled. Knox pled no contest to the first count, and the State dismissed the second count. Knox was sentenced accordingly. He filed a timely appeal of his conviction.
 II {¶ 6} Knox's First Assignment of Error is as follows:
 {¶ 7} "THERE WAS NO REASONABLE ARTICULABLE SUSPICION TO JUSTIFY REMOVING APPELLANT FROM HIS CAR AND ADMINISTERING FIELD SOBRIETY TESTS."
 {¶ 8} In his First Assignment of Error, Knox argues that Trooper Williams had an insufficient basis for administering field sobriety tests during the traffic stop. In support he challenges the credibility of Trooper Williams, pointing to alleged discrepancies between the testimony and the videotape of the stop. He also compares this case with State v. Dixon (Dec. 1, 2000), Greene App. No. 2000-CA3-0, and State v. Spillers
(March 24, 2000), Darke App. No. 1504. We find no reason to reject Trooper Williams's testimony, and we distinguish this case from both Spillers and Dixon.
 {¶ 9} We begin with a summary of the cases on which Knox relies. In Spillers the officer was relying only on de minimus traffic violations, a "slight" odor of alcohol, and the admission of alcohol consumption to justify the administration of field sobriety tests. We stated there that "[a] slight odor of alcoholic beverage is insufficient, by itself, to trigger a reasonable suspicion of DUI, and nominal traffic violations, being common to virtually every driver, add nothing of significance. Accordingly, we conclude that the trial court did not err in finding that the detention of Spillers for the purpose of administering a field sobriety test was unlawful." Spillers,
supra (emphasis in the original).
 {¶ 10} Similarly, in Dixon the officer stopped a car with darkly tinted windows and noticed that the driver had glassy, bloodshot eyes, a slight odor of alcohol, and the admission of alcohol consumption. Because tinted windows do not indicate impairment, the officer was attempting to rely only on the condition of the eyes, the slight odor of alcohol, and the admitted consumption of alcohol to justify the field sobriety tests. We determined that these factors were insufficient to warrant the additional intrusion of field sobriety tests. However, the facts of this case differ from those of bothSpillers and Dixon.
 {¶ 11} In order to warrant removing a person from his vehicle to conduct field sobriety tests, a police officer must have reasonable articulable suspicion to believe that the person was driving under the influence of drugs or alcohol. See, e.g.,State v. Spillers (March 24, 2000), Darke App. No. 1504. In this case Trooper Williams did have reasonable articulable suspicion to believe that Knox was driving under the influence, sufficient to warrant conducting field sobriety tests. Trooper Williams initially stopped Knox because he was driving his car without headlights at 1:30 a.m. The officer did not credit Knox's explanation that he was driving his girlfriend's car and did not know how the lights worked. Moreover, during the stop Williams saw that Knox's eyes were glassy and bloodshot. According to Williams' impaired driver report, Knox smelled strongly of alcohol, and that smell did not diminish when Knox exited the car. Knox's speech was thick and slurred when he spoke, and he admitted to having consumed two beers. All of these factors, considered together, warranted the administration of field sobriety tests.
 {¶ 12} Finally, to the extent that Knox argues that Trooper Williams's testimony was inconsistent with the videotape of the stop, we disagree. For example, Knox insists that the tape demonstrates that his speech was not slurred. However, a review of the tape reveals that Knox's voice is neither clear enough nor loud enough to allow us to disagree with the trial court's decision to credit the testimony of Trooper Williams that Knox's speech was slurred. In other words, we cannot determine, from the videotape, whether or not Knox's speech was slurred; the volume of the recording is not sufficient to allow us to make that determination. The trial court believed Williams's testimony, and the trial court is the best position to evaluate the credibility of a witness. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 13} Because we conclude that Trooper Williams had reasonable, articulable suspicion to believe that Knox was driving under the influence of alcohol sufficient to warrant conducting field sobriety tests, Knox's First Assignment of Error is overruled.
 III {¶ 14} Knox's Second Assignment of Error is as follows:
 {¶ 15} "THE STATE FAILED TO MEET ITS BURDEN TO SHOW THAT THE FIELD SOBRIETY TESTS WERE ADMINISTERED AND CLUED IN COMPLIANCE WITH THE NHTSA STANDARDS IN EFFECT AT THE TIME OF APPELLANT'S ARREST, MAKING THE TESTS INADMISSIBLE FOR PROBABLE CAUSE TO ARREST AND USE AS EVIDENCE AT TRIAL."
 {¶ 16} In his Second Assignment of Error, Knox claims that the State failed to meet its burden to show that the field sobriety tests were administered in compliance with NHTSA standards, because the State did not introduce those standards, or testimony detailing those standards, during the suppression hearing, nor did the State ask the trial court to take judicial notice of those standards. We disagree.
 {¶ 17} The trial court below found that "there is clear and convincing evidence that the State Patrolman substantially complied with the National Highway Traffic Safety Administration (NHTSA) testing procedures, and that substantial compliance is all that is necessary." citing R.C. §4511.19(D)(4)(b)(i)(ii)(iii) and State v. Faul, Montgomery App. No. 20579, 2004-Ohio-6225. See, also, State v. Schmitt,101 Ohio St.3d 79, 2004-Ohio-37. Revised Code § 4511.19 does not require that the NHTSA standards be introduced during every DUI trial. Here, like in State v. Radford, Greene App. No. 2005-CA-58, 2006-Ohio-1610, ¶ 20, the trial court implicitly took judicial notice of the requirements of the NHTSA manual. The trial court has the discretion to take judicial notice of the manual, even absent a formal request for judicial notice by the State. Id. Here, Trooper Williams repeatedly and consistently testified that he conducted the field sobriety tests in accordance with his training from the Ohio State Highway Patrol. Accordingly, we conclude that there is evidence to support the trial court's finding that Trooper Williams substantially complied with the NHTSA standards in administering the field sobriety tests. Knox's Second Assignment of Error is overruled.
 IV {¶ 18} Knox's Third Assignment of Error is as follows:
 {¶ 19} "THERE WAS NO PROBABLE CAUSE TO ARREST APPELLANT FOR OVI OR REQUEST THAT HE SUBMIT TO A BREATH TEST."
 {¶ 20} In arguing this assignment of error, Knox combines his claims from his first two assignments of error, and concludes that Trooper Williams lacked probable cause to request the breath test or to arrest him for DUI. We disagree.
 {¶ 21} It is undisputed that Trooper Williams correctly stopped Knox for driving without headlights. After initiating the stop, Trooper Williams saw Knox's glassy, bloodshot eyes, heard his slurred speech, and smelled a strong odor of alcohol. And Knox admitted to having consumed alcohol. Therefore, Trooper Williams was warranted in conducting field sobriety tests. After Knox failed two of three tests, Trooper Williams had probable cause to arrest him for DUI, and to request that he submit to a breath test. Accordingly, Knox's Third Assignment of Error is overruled.
 V {¶ 22} Knox's Fourth Assignment of Error is as follows:
 {¶ 23} "THE PROSECUTION FAILED TO MEET ITS BURDEN OF PROOF AS TO THE MAINTENANCE, CALIBRATION AND PROPER WORKING ORDER OF THE BAC DATAMASTER MACHINE CHALLENGED BY APPELLANT IN HIS MOTION TO SUPPRESS BY FAILING TO PUT FORTH SUFFICIENT EVIDENCE FROM A QUALIFIED WITNESS."
 {¶ 24} In his Fourth Assignment of Error, Knox maintains that the BAC DataMaster calibration record is not in evidence, and that there is no proof that the machine was properly calibrated. The record shows that the calibration record was admitted as State's Exhibit 8. Knox offered no evidence to rebut the reliability or accuracy of this report.
 {¶ 25} Knox does present a potentially interesting argument that, pursuant to Crawford v. Washington (2004), 541 U.S. 36,124 S.Ct. 1354, he has a right to confront the person who actually completed the report, rather than just the keeper of the records. However, Knox did not object to the report being admitted in evidence, and has therefore waived this issue on appeal. See, e.g., State v. Burgess, Montgomery App. No. 20870,2006-Ohio-772, ¶ 12, citations omitted. Because Knox failed to preserve this error for appellate review, his Fourth Assignment of Error is overruled.
 VI {¶ 26} All of Knox's assignments of error having been overruled, the judgment of the trial court is Affirmed.
Grady, P.J., and Wolff, J., concur.