[Cite as *State v. Tackett*, 2011-Ohio-6711.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellant        :     C.A. CASE NO. 2011-CA-15

vs.                                    :     T.C. CASE NO. TRC 1004201

BRANDON TACKETT                        :     (Criminal Appeal from
                                              Common Pleas Court)

    Defendant-Appellee         :

. . . . . . . . .

O P I N I O N

Rendered on the 23rd day of December, 2011.

. . . . . . . . .

Betsy A. Deeds, Atty. Reg. No. 0076747, Assistant Fairborn
Prosecutor, 510 West Main Street, Fairborn, OH 45324
    Attorneys for Plaintiff-Appellee

Terry L. Lewis, Atty. Reg. No. 0010324, 111 W. First Street, Suite
1000, Dayton, OH 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Brandon Tackett, appeals from his conviction

and sentence for operating a motor vehicle while under the influence

of alcohol.

{¶ 2} On May 2, 2010, between 2:00 a.m. and 3:00 a.m., Ohio

Highway Patrol Trooper D. Howard was patrolling westbound on Colonel Glenn Highway when he observed Defendant's vehicle back out of a tavern parking lot onto Colonel Glenn Highway ahead of him. While following behind Defendant's vehicle, Trooper Howard observed that Defendant's vehicle traveled over the right fog line by approximately one foot, then traveled over the lefthand double yellow lines, drifted right, then traveled over the lefthand double yellow lines, and then traveled right six to eight inches over the fog line.

{¶ 3} Trooper Howard activated his overhead emergency lights to initiate a traffic stop. In response, Defendant turned left onto Old Yellow Springs Road and then turned right onto a side road where he came to a stop. At the time of the stop, Defendant's vehicle remained in the right lane of traffic on the side road.

{¶ 4} Upon making contact with Defendant, Trooper Howard noticed that Defendant's speech was slurred, his eyes were glassy and bloodshot, and that a strong odor of alcohol was coming from Defendant's breath. Trooper Howard also noticed that Defendant's head led the direction of his eyes. Based on these observations and for his personal safety, Trooper Howard asked Defendant to exit his vehicle. After Defendant exited his vehicle, Trooper Howard asked Defendant if he had consumed any alcohol that night. Defendant responded that he had consumed a couple of beers.

{¶ 5} Trooper Howard asked Defendant to perform several field sobriety tests and Defendant consented. Trooper Howard had Defendant perform the horizontal gaze nystagmus test, the vertical nystagmus test, the walk-and-turn test, and the one-leg stand test. On the horizontal gaze nystagmus test, Trooper Howard detected six out of a possible six clues and also observed vertical nystagmus. On the walk-and-turn test, Trooper Howard detected five clues out of a potential eight. On the one-leg stand test, Trooper Howard observed two clues. Following the administration of the field sobriety tests, Trooper Howard placed Defendant under arrest, handcuffed him, and advised him of his Miranda rights. Defendant subsequently refused administration of the chemical test to determine his blood alcohol content.

{¶ 6} Defendant was charged with operating a vehicle while under the influence in violation of R.C. 4511.19(A)(1)(a), operating a vehicle while under the influence and refusing the chemical test with a prior conviction within twenty years in violation of R.C. 4511.19(A)(2), and failure to drive within marked lanes in violation of R.C. 4511.33. Defendant filed a motion to suppress evidence obtained during the traffic stop. On January 28, 2011, following two days of hearing, the trial court overruled Defendant's motion in part and granted it in part. Defendant entered a plea of no contest to a violation of R.C. 4511.19(A)(2)

and was sentenced on January 31, 2011. The remaining two charges were dismissed.

{¶ 7} Defendant filed a timely notice of appeal.

ASSIGNMENT OF ERROR

{¶ 8} "THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED SUBSEQUENT TO THE APPELLANT BEING ORDERED TO LEAVE HIS MOTOR VEHICLE."

{¶ 9} In considering a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve factual questions and evaluate the credibility of the witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357. Consequently, in reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, citing *State v. Schiebel* (1990), 55 Ohio St.3d 71. An appellate court, however, determines as a matter of law, without deferring to the trial court's conclusions, whether the law has been appropriately applied to those facts. Id., citing *State v. Claytor* (1993), 85 Ohio App.3d 623.

{¶ 10} On appeal, Defendant does not contest that his initial stop for traffic violations was lawful. *Dayton v. Erickson*, 76 Ohio St.3d 3, 1996-Ohio-431. Rather, Defendant claims that the

police officer lacked the reasonable suspicion that he was driving his vehicle while under the influence of alcohol necessary to justify continuing his detention for further investigation for driving under the influence by conducting field sobriety tests. *State v. Evans* (1998), 127 Ohio App.3d 56.

{¶ 11} The trial court found that:

{¶ 12} "Trooper Howard had reasonable and articulable suspicion to detain the defendant. At the time that the trooper requested the defendant to exit the vehicle the troop [sic] knew of the above-described driving, that he detected a strong odor of an alcoholic beverage emitting from the defendant's breath, that defendant's head led the direction of his eyes, that defendant's eyes were bloodshot and glassy, and that defendant's speech was slurred. Based upon these observations, the Court finds that the trooper had reasonable and articulable suspicion to detain the defendant further." (Dkt. 95.)

{¶ 13} Defendant relies upon previous decisions of this court wherein we stated that an odor of alcohol, or a <u>slight</u> odor of alcohol, coupled with a de minimus traffic violation, glassy bloodshot eyes, and an admission to having consumed one or two beers, was insufficient to create a reasonable suspicion of driving under the influence and justify the administration of field sobriety tests. *State v. Spillers* (Mar. 24, 2000), Darke App. No.

1504; *State v. Dixon* (Dec. 1, 2000), Greene App. No. 2000-CA-30. This court has, however, repeatedly held that a <u>strong</u> odor of alcohol alone is sufficient to provide an officer with reasonable suspicion of criminal behavior. See *State v. Marshall,* Clark App. No. 2001CA35, 2001-Ohio-7081 (and the cases cited therein.)

{¶ 14} Here, Defendant was stopped at approximately 2:00 a.m., after committing lane violations. When Trooper Howard made contact with Defendant he noticed that Defendant's eyes were glassy and bloodshot and that a strong odor of alcohol emanated from Defendant's breath. Further, Defendant's head led his eyes when Trooper Howard spoke with Defendant. Trooper Howard testified that this is common in individuals who have consumed alcohol. Further, Trooper Howard testified that Defendant's speech was slurred. Defendant argues that the videotape of Defendant's traffic stop taken by the camera in Trooper Howard's cruiser does not support a finding that Defendant's speech was slurred. However, even assuming that Defendant's speech was not slurred, the remaining facts, considered together, are sufficient to give rise to a reasonable suspicion of criminal behavior, OMVI, and justified continuing Defendant's detention in order to conduct field sobriety tests. *State v. Knox*, Greene App. No. 2005CA74, 2006-Ohio-3039.

{¶ 15} Defendant also argues that Trooper Howard's failure to

execute all of the "PRE-EXIT INTERVIEW TECHNIQUES" outlined in Section VI of the National Highway Traffic Safety Administration Manual for DWI Detection and Standardized Field Sobriety Testing ("NHTSA Manual") precludes a finding that Trooper Howard had sufficient, reasonable suspicion to continue the detention of Defendant and order him out of his vehicle.  We disagree.

{¶ 16} "[P]olice officers may require that the occupants of a motor vehicle exit the vehicle pursuant to a stop for a traffic violation because of the legitimate safety concerns of both the officer and the occupants."  *State v. Brock*, Montgomery App. No. 23665, 2010-Ohio-5885, at ¶17 (citations omitted).  As the United States Supreme Court has explained:

{¶ 17} "The hazard of accidental injury from passing traffic to an officer standing on the driver's side of the vehicle may also be appreciable in some situations.  Rather, than conversing while standing exposed to moving traffic, the officer prudently may prefer to ask the driver of the vehicle to step out of the car and off onto the shoulder of the road where the inquiry may be pursued with greater safety to both."  *Pennsylvania v. Mimms* (1977), 443 U.S. 106, 111, 98 S.Ct. 330, 54 L.Ed.2d 331.

{¶ 18} Further, under the heading "THE EXIT SEQUENCE" in Section VI-6, the NTHSA Manual states, in part: "Your decision to instruct the driver to step from the vehicle usually is made after you have

developed a suspicion that the driver is impaired.[] Except, however, that you may instruct a suspect to exit the vehicle as a means of ensuring your own safety.  Safety considerations take precedence over all other considerations."

{¶ 19} Trooper Howard testified that he had Defendant exit his vehicle because his car was parked in the right lane of the roadway and the safety of Trooper Howard would be compromised if he continued to question Defendant from outside the driver's side window.  (November 2, 2010 Transcript, p. 86-87.)  Once Defendant exited the vehicle, Trooper Howard walked him to the front of the patrol car.  (October 11, 2010 Transcript, p. 25.)  Pursuant to *Mimms* and Section VI-6 of the NHTSA Manual, the safety of Officer Howard was a sufficient reason, in and of itself, to order Defendant out of his vehicle.

{¶ 20} Defendant concedes in his brief that an officer need not follow all of the procedures set forth in the NHTSA Manual.  However, Defendant argues that his field sobriety tests should be suppressed from evidence because Trooper Howard did not have sufficient reasonable suspicion to further detain Defendant to administer the field sobriety tests.  Defendant does not identify any section of the NHTSA Manual which is mandatory that Trooper Howard did not follow.  Neither does Defendant identify any section of the Revised Code that Trooper Howard violated when he decided

to have Defendant exit the vehicle.

{¶ 21} R.C. 4511.19(D)(4) addresses situations in which the results of field sobriety tests may be used in criminal proceedings. R.C. 4511.19(D)(4) provides, in pertinent part:

{¶ 22} "(b) In any criminal prosecution or juvenile court proceeding for a violation of division (A) or (B) of this section, * * * if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration, all of the following apply:

{¶ 23} "(i) The officer may testify concerning the results of the field sobriety test so administered.

{¶ 24} "(ii) The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution or juvenile court proceeding.

{¶ 25} "(iii) If testimony is presented or evidence is introduced under division (D)(4)(b)(I) or (ii) of this section and if the testimony or evidence is admissible under the Rules

of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate.

{¶ 26} "(c) Division (D)(4)(b) of this section does not limit or preclude a court, in its determination of whether the arrest of a person was supported by probable cause or its determination of any other matter in a criminal prosecution or juvenile court proceeding of a type described in that division, from considering evidence or testimony that is not otherwise disallowed by division (D)(4)(b) of this section."

{¶ 27} R.C. 4511.19(D)(4)(b) and (c) are "a codification of the Ohio Supreme Court's holding in *State v. Schmitt*, 101 Ohio St.3d 79, 801 N.E.2d 446, 2004-Ohio-37, which held that even if the actual test results of nonscientific standard field sobriety tests were deemed inadmissible, an officer may nevertheless testify as a lay witness, regarding observations made during a defendant's performance of these tests and the court may rely on this testimony in making its probable cause determination." *State v. Lothes*, Portage App. No. 2006-P-0086, 2007-Ohio-4226, ¶47, citing *Schmitt*, at ¶13-16.

{¶ 28} As the Supreme Court explained in *Schmitt*, at ¶14:

{¶ 29} "We see no reason to treat an officer's testimony regarding the defendant's performance on a nonscientific field

sobriety test any differently from his testimony addressing other indicia of intoxication, such as slurred speech, bloodshot eyes, and odor of alcohol. In all of these cases, the officer is testifying about his perceptions of the witness, and such testimony helps resolve the issue of whether the defendant was driving while intoxicated."

{¶ 30} Here, Trooper Howard testified regarding his observations of Defendant that led to his decision to further detain Defendant to conduct field sobriety tests. This testimony is admissible and supports the trial court's finding that Trooper Howard had a reasonable and articulable suspicion of driving under the influence to justify his decision to have Defendant exit the vehicle and administer field sobriety tests.

{¶ 31} The assignment of error is overruled. The judgment of the trial court will be affirmed.

FAIN, J., And HALL, J., concur.

Copies mailed to:

Betsy A. Deeds, Esq.
Terry L. Lewis, Esq.
Hon. Beth W. Root