[Cite as *State v. Curfman*, 2020-Ohio-5632.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| TANNER CURFMAN, | : | Case No. 2020CA00082 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Massillon Municipal
                              Court, Case No. 2019-TRC-6896

JUDGMENT:                     Affirmed

DATE OF JUDGMENT:             December 8, 2020

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KASSIM J. AHMED                           RONALD D. YARWOOD
Assistant Prosecuting Attorney            EDWARD A. CZOPUR
Massillon Law Department                  DeGenova & Yarwood, Ltd.
Two James Duncan Plaza                    42 North Phelps St.
Massillon, Ohio 44646                     Youngstown, Ohio 44503

*Baldwin, J.*

{¶1} Defendant-appellant Tanner Curfman appeals from the denial by the Massillon Municipal Court of his Motion to Suppress. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On August 31, 2019, appellant was cited for a littering offense in violation of R.C. 4511.82, a minor misdemeanor, failure to wear a safety belt in violation of R.C. 4513.263(B)(1), a minor misdemeanor, and operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d), a misdemeanor of the first degree. At his arraignment on September 4, 2019, appellant entered a plea of not guilty to the charges.

{¶3} On October 24, 2019, appellant filed a Motion to Suppress, arguing, in part, that there was no legal cause to stop or detain him and that the Trooper did not have the right to ask appellant to perform field sobriety tests. A supplement to the motion was filed on October 31, 2019. A hearing on the motion was held on December 12, 2019. At the beginning of the hearing, defense counsel agreed to limit his motion to only the issue of reasonable suspicion to request field sobriety testing.

{¶4} At the hearing, Trooper Evan Hill testified that he was in a marked cruiser and in uniform on August 31, 2019 at approximately 3:30 a.m. when he observed a can falling from appellant's window. The Trooper decided to follow appellant to see if he threw another can out of the window or started committing any traffic violations. Trooper Hill testified that he observed appellant's vehicle changing lanes to the right and then

immediately back to the left before turning into or putting a signal on to turn into an apartment complex. He testified that this struck him as unusual.

**{¶5}** Trooper Hill testified that he then pulled appellant over and that when he made contact with appellant, he observed a strong odor of an alcoholic drink emitting from this vehicle and he observed that appellant's eyes were red and bloodshot. When the Trooper shone his light into appellant's eyes, appellant's pupils reacted slowly. When he asked appellant if he had consumed any alcoholic drinks, appellant said that he had consumed two twisted teas, which are alcoholic beverages. Appellant told the Trooper that he was coming from a bar and grill in Belden Village called BW3s. Based on the observations above, Trooper Hill ordered appellant from his vehicle for field sobriety testing.

**{¶6}** On cross-examination, Trooper Hill testified that appellant had signaled and changed lanes correctly both times and pulled over immediately when directed to do so. Trooper Hill admitted that there was nothing in his narrative about appellant's pupils and that there was nothing in the narrative about red bloodshot eyes. He later testified that it was on a different page of his narrative and that he recorded appellant's red bloodshot eyes after appellant was arrested. Trooper Hill admitted that he never asked appellant for his license and/or proof of insurance and that he never performed a "divided attention test"[1] before conducting filed sobriety testing as he was trained to do.

**{¶7}** Trooper Hill testified that he documented appellant's bloodshot eyes after he had decided to do the breath test.  He admitted that red bloodshot eyes had been removed as an indication of alcohol impairment. Trooper Hill testified that he had a chance

---

[1] Divided attention tests involve a mental and a physical task at the same time.

to talk with the Prosecutor about the issues that defense counsel was going to raise and that some of the things defense counsel brought up were not necessarily in his report.

{¶8} The trial court, at the conclusion of the hearing, denied appellant's Motion to Suppress. The trial court found that the stop was valid based on a criminal violation known as littering. The trial court further stated, in relevant part, as follows:

{¶9} "I find that the stop was proper because the can left the vehicle's car and the officer can stop for that. He observed a strong odor of alcoholic beverage, red bloodshot eyes. I think at this time at 3:30 in the morning in the Belden Village um that's one of the indicators um even though they may have thrown that out. … red bloodshot eyes to a normal person, forget about being a State trooper who is trained, but we as individuals would realize it that some people may have indicators of alcohol impairment um admission to drinking and then leaving BW3's. The evidence factors talk about location, time of day, whether it's a weekend or not only weekend a um Saturday or Sunday. I would say based on that and we just had recent case come out of the Fifth District that indicated the evidence factors and of course I had to leave that one back…but I'm going to find that he officer had every reason to bring the defendant, Mr. Curfman, out of the vehicle to do the standardized field sobriety tests even though Defense has made a very good argument that he may have not done a very good job cross-examining the arresting officer and the officer found that the defendant was very cooperative. For these reasons, I'm going to deny the Motion to Suppress".

{¶10} Transcript at 42-43. The trial court's decision was memorialized in an Entry filed on December 12, 2019.

{¶11} Thereafter, appellant entered a plea of no contest to all charges. The plea of no contest was accepted by the trial court and the trial court found appellant guilty. Appellant was sentenced on March 12, 2020.

{¶12} Appellant now raises the following assignment of error on appeal:

{¶13} "I. THE TRIAL COURT ERRED IN FINDING THAT THE TROOPER HAD REASONABLE SUSPICION TO CONDUCT FIELD SOBRIETY TESTING AND THEREBY DENYING APPELLANT'S MOTION TO SUPPRESS."

I

{¶14} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Suppress. We disagree.

{¶15} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

**{¶16}** There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. *See State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *See Williams, supra.* Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994).

**{¶17}** Appellant specifically contends that the trial court erred by finding that Trooper Hill had reasonable suspicion to conduct field sobriety tests. In reviewing whether field sobriety testing was proper, we apply a "totality of the circumstances" approach. See, e.g., *State v. Locker*, 5th Dist. Stark App. No. 2015CA00050, 2015-Ohio-4953, ¶ 36, citing *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980).

**{¶18}** "Requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment. Courts have generally held that the intrusion on the driver's liberty resulting from a field sobriety test is minor, and the officer therefore need only have reasonable suspicion that the driver is under the influence of alcohol in order to conduct a field sobriety test." *State v. Bright*, 5th Dist. Guernsey

No.2009-CA-28, 2010-Ohio-1111, ¶ 17, citing *State v. Knox*, 2nd Dist. Greene No.2005-CA-74, 2006-Ohio-3039.

**{¶19}** An officer may not request a motorist to perform field sobriety tests unless the request is independently justified by reasonable suspicion based upon articulable facts that the motorist is intoxicated. *State v. Evans*, 127 Ohio App.3d 56, 62, 711 N.E.2d 761 (1998), citing *State v. Yemma*, 11th Dist. Portage App. No. 95-P-0156, 1996 WL 495076 (Aug. 9, 1996). "Reasonable suspicion is "* * * something more than an inchoate or unparticularized suspicion or hunch, but less than the level of suspicion required for probable cause." *State v. Shepherd*, 122 Ohio App.3d 358, 364, 701 N.E.2d 778 (1997).

**{¶20}** The Supreme Court of Ohio in *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, 865 N.E.2d 1282, paragraph two of the syllabus found: "The 'reasonable and articulable' standard applied to a prolonged traffic stop encompasses the totality of the circumstances, and a court may not evaluate in isolation each articulated reason for the stop." Additionally, "a court will analyze the reasonableness of the request based on the totality of the circumstances, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold." *Village of Kirtland Hills v. Strogin*, 6th Dist. Lake App. No.2005-L-073, 2006-Ohio-1450, ¶ 13, citing, *Village of Waite Hill v. Popovich*, 6th Dist. Lake App. No.2001-L-227, 2003-Ohio-1587, ¶ 14.

**{¶21}** In the case sub judice, based on the totality of the circumstances, we find that the Trooper had reasonable suspicion to conduct field sobriety tests on appellant. We note that appellant does not argue that the stop of his motor vehicle after appellant was observed throwing a can out of the window was improper.

**{¶22}** As is stated above, Trooper Hill testified that he observed appellant make two abrupt lane changes in quick succession, which he said was "unusual." He testified that when he approached appellant's vehicle at approximately 3:30 a.m., he "observed a strong odor of an alcoholic beverage emitting from [appellant's] vehicle…" Transcript at 14. Appellant's eyes were red and bloodshot and his pupils reacted slowly. Trooper Hill testified that "the reaction to light being slowed um could be an indicator of impairment…" Transcript at 15. Appellant told the Trooper that he had consumed two twisted teas, which are alcoholic, and that he was coming from a bar and grill. Moreover, the Trooper testified that when appellant exited his vehicle, he "reached to grab his door to close it um he actually missed the first time and had to re-reach with his hand to grab his door again to close it." Transcript at 18. We find that the trial court, based on the totality of the circumstances, did not err in denying appellant's Motion to Suppress.

**{¶23}** Based on the foregoing, appellant's sole assignment of error is overruled.

**{¶24}** Accordingly, the judgment of the Massillon Municipal Court is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.