[Cite as *State v. Colbert*, 2021-Ohio-3434.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2020CA00160 |
| | : | |
| DARTEZ L. COLBERT | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Alliance Municipal
                               Court, Case No. 2020-TRC-00615


JUDGMENT:                      AFFIRMED


DATE OF JUDGMENT ENTRY:        September 29, 2021


APPEARANCES:


For Plaintiff-Appellee:                For Defendant-Appellant:

ALLIANCE LAW DIRECTOR                  TY A. GRAHAM
470 East Market St.                    4450 Belden Village St. N.W.
Alliance, OH 44601                     Suite 703
                                       Canton, OH 44718

*Delaney, J.*

{¶1} Defendant-Appellant Dartez L. Colbert appeals his convictions and sentence by the Alliance Municipal Court for OVI in violation of R.C. 4511.19(A)(1)(d); OVI in violation of R.C. 4511.19(A)(1)(e); and stopping vehicles in violation of Alliance Codified Ordinances 333.04. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} On March 1, 2020 at 4:32 a.m., Patrolman Lee Rose with the Alliance Police Department was responding to a call in the City of Alliance when he came upon a vehicle stopped in the southbound lane of traffic on Keiters Crossing and Harrisburg Road. The vehicle was stopped, but the engine was running, and the headlights were turned on. Officer Rose approached the passenger side of the vehicle and found Defendant-Appellant Dartez L. Colbert in the driver's seat of the vehicle. Colbert appeared to be asleep in the driver's seat. Officer Rose called dispatch and reported he believed the driver to be passed out behind the wheel of his car with the engine running. He went to the driver's side of the vehicle, knocked on the window, and shined his flashlight in the window to wake up Colbert. Colbert roused briefly and went back to sleep. Officer Rose aggressively knocked on the window for two to three minutes before Colbert woke up.

{¶3} When Colbert finally woke up, he appeared to be very disoriented. Colbert looked at the officer and then placed the car in gear when Officer Rose yelled at him to put the car in park. Colbert partially rolled down the window. Officer Rose noticed Colbert's eyes were glassy and bloodshot. He asked Colbert what was going on, but Colbert moved in his seat and got out his wallet from his back pocket. When Colbert finally verbally responded to Officer Rose, his speech was slurred. Colbert said he was coming

from Canton and going home. He estimated he had been stopped in the middle of the road for ten minutes.

{¶4} Officer Rose asked Colbert to exit the vehicle and when he opened the door, Officer Rose detected the odor of an alcoholic beverage emitting from Colbert's body. He asked Colbert to sit on the front bumper of his police cruiser and Colbert agreed to take a portable breathalyzer test. Colbert tested at 0.085 BAC. Officer Rose conducted the standardized field sobriety tests and two non-standardized tests. During the horizontal gaze nystagmus test, Officer Rose detected four clues. Colbert had difficulty following instructions during the walk and turn test. He lost his balance and swayed during the one leg stand test. Colbert failed to follow the instructions for the two non-standardized tests.

{¶5} Officer Rose placed Colbert in custody and took him to the Alliance Police Department. Colbert submitted to a breathalyzer test where he tested at 0.085 BAC, and he provided a urine sample that was sent to the Stark County Crime Lab. The lab report showed 0.147 urine ethanol content.

{¶6} On March 3, 2020, Colbert was charged with OVI, a fist-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a); OVI, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(d); OVI, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(e); and Stopping Vehicles, a minor misdemeanor in violation of Alliance Codified Ordinances 333.04. Colbert entered a not guilty plea to the charges.

{¶7} On July 22, 2020, Colbert filed a Motion to Suppress, arguing there was no reasonable suspicion to detain him for an OVI investigation and there was no probable cause to arrest him for OVI. He also sought to suppress his statement that he was stopped

in the roadway for approximately "five to ten minutes" based on a *Miranda* violation. The trial court held a hearing on the motion on October 5, 2020.

{¶8} On October 8, 2020, the trial court filed a six-page judgment entry denying the motion to suppress. After considering the factors outlined in *State v. Evans*, 127 Ohio App.3d 56, 711 N.E.2d 761 (11th Dist.1998) and the totality of the circumstances, the trial court found that Officer Rose had a reasonable articulable suspicion to detain Colbert for an OVI investigation and to ask that he submit to field sobriety tests. The trial court next considered the field sobriety tests. It suppressed the HGN test for being improperly administered, but based on the remaining tests, found there was probable cause to arrest Colbert for OVI. Finally, the trial court analyzed whether Colbert's statement should be suppressed as a *Miranda* violation. It found the statement occurred while Colbert was sitting in the driver's seat of his car within the first moments of police contact; therefore, it was not a custodial interrogation requiring a *Miranda* warning.

{¶9} The matter proceeded to a jury trial on October 15, 2020. The jury found Colbert not guilty of OVI, in violation of R.C. 4511.19(A)(1)(a). It found Colbert guilty of OVI, in violation of R.C. 4511.19(A)(1)(d); OVI, in violation of R.C. 4511.19(A)(1)(e); and Stopping Vehicles, in violation of Alliance Codified Ordinances 333.04.

{¶10} The trial court proceeded to sentencing. Via judgment entry filed October 15, 2020, the trial court sentenced Colbert to 180 days in jail, 170 days suspended, fines and costs, and a one-year license suspension.

{¶11} It is the motion to suppress that is the subject of this appeal. Appellate counsel for Colbert has filed a Motion to Withdraw and a brief pursuant to *Anders v.*

*California*, 386 U.S. 738 (1967), rehearing den., 388 U.S. 924, indicating the within appeal is wholly frivolous.

{¶12} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id*. Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw and (2) allow the client sufficient time to raise any matters the client chooses. *Id*. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id*.

{¶13} Colbert's counsel has filed a brief identifying one arguably meritorious issue in the record: whether the trial court erred by improperly denying Colbert's motion to suppress.

{¶14} We find Colbert's counsel has followed the procedures required by *Anders*.

{¶15} We consider Colbert's proposed Assignment of Error that the trial court erred in denying his motion to suppress. In reviewing whether field sobriety testing was proper, we apply a "totality of the circumstances" approach. *See, e.g., State v. Tidwell,* Slip Opinion No. 2021-Ohio-2072, ¶ 40; *State v. Locker*, 5th Dist. Stark App. No.

2015CA00050, 2015-Ohio-4953, ¶ 36, citing *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980).

{¶16} "Requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment. Courts have generally held that the intrusion on the driver's liberty resulting from a field sobriety test is minor, and the officer therefore need only have reasonable suspicion that the driver is under the influence of alcohol in order to conduct a field sobriety test." *State v. Malkin*, 5th Dist. Licking No. 2019 CA 0100, 2020-Ohio-3059, 2020 WL 2611679, ¶ 28 quoting *State v. Bright*, 5th Dist. Guernsey No. 2009-CA-28, 2010-Ohio-1111, ¶ 17, citing *State v. Knox*, 2nd Dist. Greene No. 2005-CA-74, 2006-Ohio-3039. An officer may not request a motorist to perform field sobriety tests unless the request is independently justified by reasonable suspicion based upon articulable facts that the motorist is intoxicated. *State v. Evans*, 127 Ohio App.3d 56, 62, 711 N.E.2d 761 (1998), citing *State v. Yemma*, 11th Dist. Portage App. No. 95-P-0156, 1996 WL 495076 (Aug. 9, 1996).

{¶17} The Supreme Court of Ohio in *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, 865 N.E.2d 1282, paragraph two of the syllabus found: "The 'reasonable and articulable' standard applied to a prolonged traffic stop encompasses the totality of the circumstances, and a court may not evaluate in isolation each articulated reason for the stop." Additionally, "a court will analyze the reasonableness of the request based on the totality of the circumstances, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold." *Village of Kirtland Hills v. Strogin*, 6th Dist. Lake App. No.2005-L-073, 2006-Ohio-1450, ¶ 13, citing, *Village of Waite Hill v. Popovich*, 6th Dist. Lake App. No.2001-L-227, 2003-Ohio-1587, ¶ 14.

{¶18} "Where a non-investigatory stop is initiated and the odor of alcohol is combined with glassy or bloodshot eyes and further indicia of intoxication, such as an admission of having consumed alcohol, reasonable suspicion exists." *State v. Malkin*, 2020-Ohio-3059, ¶ 31 quoting *State v. Strope*, 5th Dist. Fairfield No. 08 CA 50, 2009-Ohio-3849 ¶ 19. In this case, there was further indicia of intoxication, combined with Colbert's glassy and bloodshot eyes and the odor of alcohol. Colbert was discovered sleeping in the driver's seat of his motor vehicle at 4:32 a.m., while the vehicle was stopped in a lane of traffic with the engine running. Officer Rose struggled to wake Colbert by knocking on the driver's side window and shining a flashlight in the window. When Colbert woke up, he appeared disoriented and put the car in gear before he was told to put it in park. Colbert's speech was slurred when he answered Officer's Rose's questions while he was in the car.

{¶19} We further agree with the trial court that Colbert's statement to Officer Rose during the initial police contact was not subject to *Miranda* warnings.

{¶20} Colbert's proposed assignment of Error is overruled. After independently reviewing the record and considering the issues raised in the brief filed by Appellate counsel, we agree with Counsel's conclusion that no arguably meritorious claim exists upon which to base an appeal.

{¶21} Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Alliance Municipal Court.

By: Delaney, J.,

Baldwin, P.J. and

Gwin, J., concur.